UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

CHAO ZHANG

No. 1:24-cr- 00146-SDN

2025 JAN 21 P 2:49

Corrected
INFORMATION

The United States Attorney charges:

General Allegations

1. Defendant, CHAO ZHANG, was at all relevant times a resident of Queens, New York.

2. COCONSPIRATOR 1 lived and worked in Staten Island and Brooklyn, New York. COCONSPIRATOR 1 is the owner and operator of several businesses in the New York City area.

3. MAINE BANK 1 is a financial institution with locations throughout central and southern Maine. MAINE BANK 1's accounts are insured by the Federal Deposit Insurance Corporation.

4. CHAO ZHANG became the owner of record of a property in Bucksport, Maine (the "Bucksport Property"), in about December 2020. The Bucksport Property was purchased with approximately $147,000 in residential mortgage loan financing provided by MAINE BANK 1.

5. At all relevant times, MAINE BANK 1 was the holder of the residential mortgage granted in the name of the defendant, with rights in the Bucksport Property under a security instrument and promissory note.

1

### Overview of Conspiracy

6. Beginning in about October 2020 and continuing through about February 2022, the defendant, COCONSPIRATOR 1, and others known and unknown conspired to execute and executed a scheme to defraud MAINE BANK 1 and to obtain residential mortgage loan financing from MAINE BANK 1 based on false and fraudulent pretenses, representations, and promises, including that the defendant was the actual applicant and borrower who intended to occupy and use the Bucksport Property as his principal residence. The defendant was instead an undisclosed nominee of COCONSPIRATOR 1, who was in fact the actual applicant, borrower, and beneficial owner.

7. The conspiracy resulted in MAINE BANK 1 disbursing approximately $147,000 in fraudulently obtained mortgage loan proceeds to the defendant, which funds were used to purchase the Bucksport Property for commercial and investment purposes, rather than as a principal residence.

### Object and Purposes

8. The object of the conspiracy was to commit bank fraud by obtaining residential mortgage loans from financial institutions, including MAINE BANK 1, for properties which were instead acquired as non-residential investments. The purposes of the conspiracy included to enrich the defendant and COCONSPIRATOR 1, while at the same time concealing the scheme and COCONSPIRATOR 1's actual ownership interest from MAINE BANK 1, law enforcement authorities, and others.

### Manner and Means

9. Among the manner and means by which the defendant, COCONSPIRATOR 1, and others known and unknown carried out the conspiracy and the scheme to defraud were the following:

    a.    Transferring funds into and using the defendant's financial accounts to purchase the Bucksport Property.

    b.    Falsely misrepresenting and holding out the defendant, rather than COCONSPIRATOR 1, as the actual applicant, borrower, and beneficial owner of the Bucksport Property.

    c.    Providing materially false and misleading information to MAINE BANK 1 throughout the residential mortgage loan application process.

    d.    Concealing COCONSPIRATOR 1's role in the scheme by falsely misrepresenting and holding out the defendant as the actual applicant, borrower, and beneficial owner of the Bucksport Property.

    e.    Using a MAINE BANK 1 checking account opened in the defendant's name to pay the mortgage and expenses for the Bucksport Property.

<u>Acts in Furtherance of Conspiracy</u>

10.    From on about October 2020 and continuing through at least about February 2022, the defendant, COCONSPIRATOR 1, and others known and unknown committed and caused to be committed the following acts, among others, in furtherance of the conspiracy and scheme to defraud:

    a.    On about October 15 and 16, 2020, the defendant received deposits totaling approximately $55,000 into his personal checking account at New York Bank 1, including a $5,000 check from COCONSPIRATOR 1 and an additional $5,000 funds transfer from COCONSPIRATOR 1's spouse.

    b.    On about October 16, 2020, using his New York Bank 1 personal checking account, the defendant issued a $51,000 check to himself, and on about October 19, 2020, issued a $4,000 check to himself.

c. On about October 16 and 20, 2020, the defendant deposited the $51,000 and $4,000 checks, respectively, into a different personal checking account he held at New York Bank 2.

d. From about mid-October 2020 through about early December 2020, COCONSPIRATOR 1, acting as and in the name of the defendant, applied to MAINE BANK 1 for a residential mortgage loan to purchase the Bucksport Property, misrepresenting that the defendant was the actual borrower and that the defendant would occupy and use the property as his principal residence.

e. The defendant provided COCONSPIRATOR 1 with the defendant's personal information and a government-issued identification document, for COCONSPIRATOR 1 to use throughout the loan application process.

f. Throughout the loan application process, COCONSPIRATOR 1, acting as and in the name of the defendant, emailed and DocuSigned materially false information to MAINE BANK 1, including misrepresenting that the Bucksport Property would be occupied by the defendant as a primary residence.

g. On about December 10, 2020, the defendant made available to COCONSPIRATOR 1 the $55,000 held by the defendant in his New York Bank 2 personal checking account, which funds were used to make the downpayment to close on and purchase the Bucksport Property in the defendant's name.

h. A personal checking account at MAINE BANK 1 was opened in the defendant's name. On about December 19, 2020, using his New York Bank

        1 personal checking account, the defendant issued a $4,000 check to himself with the memo line "loan." The $4,000 check was the first deposit to the MAINE BANK 1 personal checking account, which was thereafter used to make biweekly fixed loan payments on the defendant's residential mortgage loan through about February 2022.

    i. On about February 2, 2022, a severe house fire destroyed the Bucksport Property. On about February 9, 2022, the defendant travelled to Maine to meet with a Fire Marshal Senior Investigator. During conversations with the Fire Marshal Senior Investigator, the defendant made statements attempting to conceal COCONSPIRATOR 1's role in the scheme.

**COUNT ONE**
Bank Fraud Conspiracy
(18 U.S.C. § 1349)

11. Paragraphs 1 through 10 are incorporated by reference as if fully set forth herein.

12. From on about October 2020 and continuing through at least about February 2022, in the District of Maine and elsewhere, the defendant,

**CHAO ZHANG,**

conspired with COCONSPIRATOR 1 and with others known and unknown to commit bank fraud, that is, to knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, namely, MAINE BANK 1, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of MAINE BANK 1, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344. Thus, the defendant violated Title 18, United States Code, Section 1349.

## FORFEITURE NOTICE

13. The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. Upon conviction of the offense in violation of Title 18, United States Code, Section 1349, as set forth in Count One of this Information, the defendant,

**CHAO ZHANG,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of the offense including, but not limited to:

   a. $53,868.12 in U.S. Currency seized on about May 29, 2024, from a JPMorgan Chase checking account ending -2392 belonging to the defendant; and

   b. a money judgment in the amount of all such proceeds.

14. If any of the property described in Paragraph 13, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendant—

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of

any other property of the defendant up to the value of the property described in Paragraph 1 above. ~AKL~ ~625~ ~2CY~

All pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c).

Dated:  December 17, 2024             DARCIE N. MCELWEE
        Bangor, Maine                 United States Attorney

                                      **/s/ ANDREW K. LIZOTTE**
                                      ANDREW K. LIZOTTE
                                      Assistant United States Attorney